IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Robert Young, *a/k/a Robert A. Young*, | ) | |
| Petitioner, | ) | C/A No. 9:18-cv-2721-TMC |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Warden of Kershaw Correctional Institution, | ) | |
| Respondent. | ) | |
| | ) | |

The Petitioner, Robert Young, proceeding *pro se*, brings this action pursuant to 28 U.S.C. § 2254 for habeas relief, challenging his 2008 convictions for armed robbery and assault and battery with intent to kill. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(c) D.S.C., this matter was referred to a magistrate judge for pretrial handling. Before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that the Petition be dismissed without prejudice. (ECF No. 13). The magistrate judge alerted Petitioner of his right to file objections to the Report. *Id.* at 6. However, Petitioner filed no objections, and the time to do so has now run.

The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). In the absence of objections, this court is not required to provide an explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

1

After a careful and thorough review of the record under the appropriate standards, as set forth above, the court adopts the Report (ECF No. 13), which is incorporated herein by reference. Accordingly, for the reasons stated in the Report, the Petition is summarily **DISMISSED** *without prejudice*[1] and without requiring Respondent to file a return.

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that this constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that the Petitioner failed to make a "substantial showing of the denial of a constitutional right." Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
January 8, 2019

---

[1] This dismissal is without prejudice because the instant Petition is successive, and Petitioner has not been granted permission by the Fourth Circuit Court of Appeals to file a successive habeas petition. Accordingly, the court is without jurisdiction to rule on the merits of the petition, and the dismissal is without prejudice.